Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5755 Oberlin Drive, Suite 200
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
Jason Andrew

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANDREW, an individual, | ) |
| | ) CASE NO.  3:18-cv-5415 |
| Plaintiff, | ) |
| vs. | ) |
| | ) **COMPLAINT FOR COPYRIGHT** |
| BERKELEYSIDE, INC., a California | ) **INFRINGEMENT** |
| corporation, | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

Plaintiff Jason Andrew ("Andrew" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Berkeleyside, Inc. ("Berkeleyside" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act.

2. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted photographs of a white hate group and protestors (the

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
1

"Photographs").  The Photographs and the copyrights in the Photographs are owned and registered by Andrew, a Virginia-based professional photographer.

3. By this action, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

4. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Andrew is a professional photojournalist having a usual place of business at 5353 Columbia Pike, Apt. 702, Arlington, VA 22204.

8. Upon information and belief, Berkeleyside is a corporation organized and existing under the laws of the State of California with a place of business at 2908 Pine Avenue, Berkeley, CA 94705.

9. Upon information and belief, at all times material hereto, Defendant has owned, controlled, and operated, a website at the URL: http://Berkeleyside.com (the "Website").

10. Berkeleyside is a for-profit entity.

## STATEMENT OF FACTS

A. Background and Plaintiff's Ownership of the Photographs

11. Andrew, a professional photojournalist, photographed several pictures of a white hate rally and protestors on or about October 19, 2017 ("the Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

12. The Photographs were published under license by ProPublica on October 19, 2017. See URL: https://www.propublica.org/article/white-hate-group-campaign-of-menace-rise-above-movement. A true and correct copy of the Photographs as published is attached hereto as Exhibit B.

13. The publication in ProPublica included authorship credit which clearly identified Andrew as the author and copyright owner of the Photographs.

14. Andrew is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyrights thereto.

15. The Photographs are registered with the U.S. Copyright Office and have been given Copyright Registration Number VA 2-083-872 effective as of January 18, 2018 (the "Certificate") and titled "JA_UnitetheRight_CV_2017_015.jpg", "JA_UnitetheRight_CV_2017_013", and "JA_UnitetheRight_CV_2017_018". A true and correct copy of the Certificate is attached hereto as Exhibit C.

B. Defendant's Infringing Activities

16. Berkeleyside posted the Photographs on the Website. See URL: http://www.berkeleyside.com/2017/10/25/racist-violent-unpunished-white-hate-groups-campaign-menace. Screenshots of the Photographs as they appear on the Website are attached hereto as Exhibit D.

17. Defendant did not license the Photographs from Plaintiff for use on the Website or any other use.

18. Defendant did not have Plaintiff's permission or consent to publish the Photographs on the Website.

# FIRST CLAIM FOR RELIEF
# (COPYRIGHT INFRINGEMENT)

(17 U.S.C. §§ 106, 501)

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

20. Defendant infringed Plaintiff's copyrights in the Photographs by reproducing and publicly displaying the Photographs on its Website. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs.

21. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

23. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

24. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

25. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

26. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be ordered to remove the Photographs from its Website;

3. That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

DATED: August 1, 2018                    THE AFFINITY LAW GROUP

                                         By:  /s/ Gregory P. Goonan
                                              Gregory P. Goonan
                                              Attorneys for Plaintiff
                                              Jason Andrew

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

DATED: August 1, 2018                    THE AFFINITY LAW GROUP

By: /s/ Gregory P. Goonan
Gregory P. Goonan
Attorneys for Plaintiff
Jason Andrew

**THE AFFINITY LAW GROUP®**
**5755 Oberlin Drive, Suite 200**
**San Diego, CA  92121**
**(858) 412-4296**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
6